BL

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Johnathan Leitner,                    )    No. CV 05-2055-PHX-DGC (LOA)
                                      )
                Plaintiff,            )    **ORDER**
                                      )
vs.                                   )
                                      )
Joe Arpaio,                           )
                                      )
                Defendant.            )
_____)

　　　　In this civil rights action brought by a county jail inmate, Defendant has moved to dismiss (Dkt. #6, 8).  Plaintiff has failed to respond.  After careful review of these pleadings and the record, the Court will grant Defendant's motion.

**A.　Background**

　　　　Plaintiff filed a 42 U.S.C. § 1983 action naming as a Defendant Joe Arpaio alleging that his constitutional rights were violated by (1) unsanitary conditions, (2) overcrowding, and (3) limited day room access (Dkt. #1).  This Court ordered Defendant Arpaio to answer the Complaint, and Defendant Arpaio subsequently filed two Motions to Dismiss (Dkts. ## 4, 6, 8).

　　　　In his original Motion to Dismiss, Defendant Arpaio argued that Plaintiff has failed to exhaust his administrative remedies (Dkt. # 6).  Attached to that motion was (1) Plaintiff's Complaint, (2) Corina Griffin's, a Maricopa County Sheriff's Office Hearing Officer for inmate discipline and grievances, (3) the Maricopa County Jail Inmate Grievance Procedures, and (4) examples of other inmate's grievances (Dkt. #6).  In his renewed Motion to Dismiss,

Defendant argues that Plaintiff has failed to notify this Court of his change of address (Dkt. #8).

**B.      Failure to Respond**

Local Rule of Civil Procedure 83.3(d) provides that a Plaintiff must file and serve a notice of change of address 10 days before his move is effective.  Additionally, in the instructions for a prisoner filing a civil rights complaint, the notice of assignment, and the service order, Plaintiff repeatedly was notified that he must inform this Court of any change of address.  (Dkts. ## 2, 4)  Local Rule of Civil Procedure 7.2(i) provides that if a party files a motion to dismiss, and this Court orders a response, and "the opposing party does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily."  See also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (providing that the district court did not abuse its discretion in summarily granting defendants' motion to dismiss pursuant to local rule where *pro se* plaintiff had time to respond to the motion but failed to do so).  Moreover, "[p]ursuant to Federal Rule of Civil Procedure 41(b), [this Court] may dismiss an action for failure to comply with any order of the [C]ourt."  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

After Defendant filed the original Motion to Dismiss, Plaintiff was provided notice of that motion, advised of his obligation to respond to the motion, and informed that the failure to respond may "be deemed a consent to the granting of that Motion."  (Dkt. #9) Despite these warnings, Plaintiff has failed to respond to the Defendant's Motion to Dismiss. Moreover, mail sent to Plaintiff has been returned as undeliverable.  (Dkt. #10, 12) Accordingly, Plaintiff's failure to respond to the Motion to Dismiss will be construed as a consent to the granting of it.  Alternatively, as argued in Defendant's renewed motion to Dismiss (Dkt. # 8), because Plaintiff has failed to notify this Court of his change of address, his action will be dismissed pursuant to Rule 41(b).  However, out of an abundance of caution, the merits of Defendant's original Motion to Dismiss will be addressed.

**C.      Legal Standard on Motion to Dismiss**

In ruling on a motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff.  Dismissal of the complaint is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief."  McGary v. City of Portland, 386 F.3d 1259, 1261 (9th Cir. 2004); see also Rhodes v. Robinson, 408 F.3d 559, 563 n.1 (9th Cir. 2005).

Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act, a prisoner may not bring a lawsuit with respect to prison conditions under 42 U.S.C. § 1983 unless all available administrative remedies are exhausted.  See Roles v. Maddox, 439 F.3d 1016, 1017 (9th Cir. 2006).  Exhaustion is mandated "regardless of the relief offered through administrative procedures."  Booth v. Churner, 532 U.S. 731, 741 (2001).  It is required in all inmate suits regarding prison life.  Porter v. Nussle, 534 U.S. 516, 523 (2002).

"The defendants have the burden of raising and proving a prisoner's failure to exhaust under the PLRA."  Ngo v. Woodford, 403 F.3d 620, 626 (9th Cir.), cert. granted, 126 S. Ct. 647 (2005).  "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact."  Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003).  "A prisoner's concession to nonexhaustion is a valid ground for dismissal so long as no exception to exhaustion applies."  Id. at 1120.  The proper remedy when a "prisoner has not exhausted nonjudicial remedies . . . is dismissal of the claim without prejudice."  Id.; see also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005).

**D.      Analysis**

An inmate should seek to resolve a conflict through the Maricopa County Jail System's Inmate Grievance Procedures.  Specifically, an inmate who wishes to file a grievance will be provided a Grievance Form upon request, and must submit the form to a detention officer.  The unresolved grievance is forwarded to the shift Supervisor, and then to the Hearing Officer.  If the Hearing Officer is unable to resolve the grievance, the inmate

1   may appeal his decision to the jail commander, whose decision may be appealed to an

2   External Referee.  The External Referee's decision is final (Dkt. #6, Exh. 1, attachment A).

3   Griffin attested that (1) the grievance procedures do not limit the issues that may be grieved,

4   (2) detention officers pass out grievances as part of their daily shift duties, (3) grievances are

5   not ignored, and (4) Plaintiff has not filed any grievances (Dkt. #6, Exh. 1).

6          Defendant has demonstrated that there exists a grievance system which was made

7   available to the Plaintiff.  However, Plaintiff, failing to respond to the motion to dismiss, has

8   presented nothing to support a conclusion that he availed himself of that system, merely

9   stating in his Complaint that the detention officers refused to allow him to file grievances.

10  Accordingly, based on the evidence before this Court, Plaintiff failed to exhausted his

11  administrative remedies, and Defendant's Motions to Dismiss will be granted.

12         **IT IS ORDERED** that Defendant's Motions to Dismiss (Dkt. #6, 8) are **granted**.

13  Plaintiff's action is dismissed without prejudice for lack of exhaustion.  The Clerk of Court

14  shall enter a judgment of dismissal accordingly.

15         DATED this 15th day of May, 2006.

16

17

18  _____

19                David G. Campbell
                  United States District Judge

20

21

22

23

24

25

26

27

28